67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas C. McPHERSON, Plaintiff-Appellant,
v.
Thomas S. EVELAND, Chief Judge; Douglas A. Vandlen; Henry
A. Crisenbery; Eaton County Board of
Commissioners, Defendants-Appellees.
 No. 95-1242.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1995.
 
 1
 Before: JONES and BOGGS, Circuit Judges; and COFFMAN, District Judge.*
 
 ORDER
 
 2
 Douglas C. McPherson appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 McPherson filed his complaint in the district court alleging that he was deprived of his constitutional rights in state court child support related contempt proceedings. Plaintiff named as defendants the Eaton County, Michigan, Chief Circuit Judge, Friend of the Court, Chief Assistant Friend of the Court, and County Board of Commissioners in their individual and official capacities and sought unspecified compensatory, punitive, and exemplary damages, attorneys' fees and costs, and expungement of the record of his incarceration for contempt of court. Defendants filed a motion for summary judgment, and plaintiff responded in opposition. The district court granted summary judgment for defendants. Upon consideration, we affirm the judgment of the district court for the reasons stated by the district court in its opinion filed January 25, 1995, in part and for reasons other than those stated by the district court in part. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 4
 First, the defendant state judge is entitled to absolute immunity from suit for money damages for acts undertaken within his jurisdiction as judge. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam); King v. Love, 766 F.2d 962, 965-68 (6th Cir.), cert. denied, 474 U.S. 971 (1985). All of the acts alleged by plaintiff clearly were undertaken by the defendant judge in his capacity and within his jurisdiction as judge. Plaintiff alleged that he was denied constitutional rights when he was sentenced to jail after state court proceedings in which he was found in contempt of court. Specifically, plaintiff alleged that the contempt proceedings compelled him to be a witness against himself, denied him his right to a jury trial, and denied him due process and equal protection. However, plaintiff alleged no act undertaken beyond the defendant judge's jurisdiction that would give rise to a claim for money damages under Sec. 1983. Moreover, plaintiff cites no unanswered interrogatory, request for admission, or other discovery effort (and review of the district court record reveals none) which would have produced substantiation of a claim for money damages against the defendant judge. Accordingly, summary judgment for this defendant was proper with respect to plaintiff's claims for money damages.
 
 
 5
 Next, plaintiff did not state a cause of action against the remaining defendants cognizable under Sec. 1983. Generally, plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of state law to state a viable cause of action under Sec. 1983. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). Here, plaintiff alleged only that the individual defendant Chief Assistant Friend of the Court allowed plaintiff to use his office to consult his lawyer and five other individuals in attendance for court proceedings at plaintiff's request, but permitted only three people in his office at a time. Plaintiff alleged no factual basis whatsoever for his claims against the defendant Friend of the Court or the defendant County Board of Commissioners. Again, no unanswered discovery request would lend a factual basis for plaintiff's claims against these defendants. Thus, plaintiff simply did not allege that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States. Therefore, summary judgment for these defendants was proper.
 
 
 6
 Finally, the district court did not specifically address plaintiff's claim seeking expungement of the record of his incarceration for contempt of court. Generally, injunctive or declaratory relief against a judge is not barred by immunities from suit for money damages. See Supreme Ct. of Va. v. Consumers Union of the U.S., Inc., 446 U.S. 719, 734-37 (1980). However, we affirm the district court's judgment with respect to this claim on the basis of the preclusion doctrine enunciated in Allen v. McCurry, 449 U.S. 90, 103-04 (1980). Under Allen, state court proceedings have preclusive effect in Sec. 1983 cases. Plaintiff could have alleged such a violation of his federal rights in state court. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466-67 n. 6 (1982). He is therefore barred from raising them now under the doctrine of issue preclusion.
 
 
 7
 For the foregoing reasons, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jennifer B. Coffman, United States District Judge for the Eastern District of Kentucky, sitting by designation